UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT EUGENE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-00980-RLY-MJD |
| | ) | |
| COMLUX AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Discussing Defamation Claim

The April 10, 2012, Entry held that Count IV of the complaint failed to allege a plausible claim of defamation and dismissed that Count for failure to state a claim upon which relief can be granted. The plaintiff has submitted three documents requesting the court to reconsider the dismissal of his defamation claim. See dkts. 22, 24, and 29.

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

In order to state a cause of action for defamation of character under Indiana law, a plaintiff must allege: (1) a communication with defamatory imputation, (2) malice, (3) publication, (4) actual falsehood, and (5) damages. *Trail v. Boys & Girls Clubs of Northwest Ind.,* 845 N.E.2d 130, 136 (Ind. 2006). The complaint failed to sufficiently allege a communication with defamatory imputation, or any facts suggesting malice, publication, or that the statements were, in fact, false. The most specific of allegation regarding the defamation claim is that individuals with whom the plaintiff used to work "[talked] to others about [him], accusing [him] of wrong doing especially when I was never in the area to begin with." Plaintiff's Complt.,

Claim IV. The court correctly found that these allegations were not sufficient to state a plausible claim for relief.

Accordingly, the requests for reconsideration [22, 24, 29] are **denied**, because the court made a correct ruling on the motion to dismiss and no persuasive basis for reconsidering that ruling has been shown.[1]

**IT IS SO ORDERED.**

**Date:**   01/16/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert Eugene Wilson
7809 Hampton Place
Fishers, IN 46038

**All Electronically Registered Counsel**

---

[1] In addition, there is no indication (based on the plaintiff's filings) that the deficiencies noted above could be corrected through the filing of an amended complaint. The three documents requesting restatement of the defamation claim fail to identify any particular statements made by other workers, fail to attribute any particular statements to any particular individual, fail to assert when the alleged statements were made and fail to allege how such statements were published.