UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT EUGENE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:11-cv-00980-RLY-MJD |
| COMLUX AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND ADMISSIONS**

This matter is before the Court on Plaintiff's Motion to Amend Admissions. [Dkt. 45.] The Court, being duly advised, DENIES Plaintiff's Motion.

## I. Background

This is an action for race discrimination pursuant to Title VII of the Civil Rights Act of 1964 and constructive discharge. Plaintiff, Robert Eugene Wilson ("Wilson" or "Plaintiff") claims he was subjected to discriminatory conduct so severe that he was compelled to resign his employment with Defendant, Comlux America ("Comlux" or "Defendant"). Wilson is litigating his claim *pro se*.

On June 19, 2012, Comlux served Wilson with written discovery, including requests for admission. [Dkt. 34 at 17, line 25.] Wilson's responses to those requests were initially due on July 30, 2012, the day of the parties' initial pretrial conference. [Dkt. 34 at 18, lines 1-2.] During the conference, the Court granted Wilson's request for an additional ten days to complete responses to the requests, to and including August 10, 2012. [Dkt. 34 at 21, lines 4-6.] The Court advised Wilson that if he failed to respond to the requests for admission, they would be

deemed admitted as true. [Dkt. 34 at 20, lines 4-10.] Wilson agreed to provide responses by the August 10, 2012 deadline. [Dkt. 34 at 21, lines 7-9.]

During the telephonic status conference held on September 17, 2012, counsel for Defendant reported that Wilson had provided only incomplete responses to the interrogatories served by Comlux and failed to respond at all to the requests for production. Neither party raised the issue of the delinquent requests for admission. On October 8, 2012, Comlux filed its motion for summary judgment, relying therein upon the admissions that resulted from Wilson's failure to timely respond to Comlux's requests for admission. [Dkt. 38.] Discovery closed on December 31, 2012. [Dkt. 56.]

## II.  Legal Standard

Rule 36 (a) of the Federal Rules of Civil Procedure provides that a party must answer each matter for which an admission is requested within thirty (30) days or the matter is deemed admitted. Matters admitted under this Rule are conclusively established unless the court on motion permits withdrawal or amendment of the admission. Fed. R. Civ. P. 36 (b). "This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *American Auto Ass'n (Inc) v. AAA Legal Clinic of Jefferson Crooke*, P.C., 930 F.2d 1117, 1120-21 (5th Cir. 1991). The district court has the discretion to allow a party to withdraw or amend its admissions only if: (a) the withdrawal or amendment would promote the presentation of the merits of the action, and (b) allowing the withdrawal or amendment would not prejudice the party that obtained the admission. Fed. R. Civ. P. 36 (b). The fact that the party to which the rule is being applied to is *pro se* does not limit the application of the rule. *Quicken Loans v. Downing*, 2012 WL 4762411, *6 (S.D. Ind. 2012) (Cause No. 1:10-cv-1565-TWP-DKL).

### III. Discussion

Despite an extension of time and clear warning from this Court as to the serious consequences of deemed admissions, Wilson failed to respond to Comlux's requests for admission. Nearly three months after the response deadline, and one month after Comlux filed summary judgment relying upon the admissions, Wilson filed a motion to amend his admissions. Based upon the following analysis of the Rule 36 (b) factors, the Court will not allow Wilson to withdraw or amend his deemed admissions.

There is no absolute right to withdraw admissions. *See Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). Default admissions can even serve as the factual predicate for summary judgment. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). A court may, in its discretion, permit a party to rescind admissions when doing so would promote the presentation of the merits of the action and does not prejudice the party who obtained the admission. Fed. R. Civ. P. 36 (b). When assessing whether withdrawal would promote the presentation of the merits of the action, courts evaluate whether the proposed amendments "will facilitate the development of the case in reaching the truth, as in those cases where a party's admission[s] are inadvertently made." *McClanahan v. Aetna Life Ins. Co.*, 144 F.R.D. 316, 320 (W.D. Va. 1992). This prong can be met when the deemed admissions effectively resolve the case and thus upholding the admissions eliminates the need for a presentation on the merits. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Comlux filed summary judgment based substantially upon Wilson's deemed admissions, thereby potentially eliminating the need for presentation of the merits of his claims. As a result, the first factor of Rule 36 (b) tends to support allowing Wilson to withdraw or amend his deemed admissions.

The potential prejudice factor, however, weighs against allowing Wilson to amend his admissions. In analyzing this factor, courts consider "the difficulty the party opposing the motion to withdraw will face as a result of the sudden need to obtain evidence to prove the matter it had previously relied upon as answered." *McClanahan*, 144 F.R.D. at 310. While a party's reliance upon deemed admissions for summary judgment is not enough to constitute prejudice on its own, the prejudice to a party increases the longer the party has relied upon the admissions. *See Conlon*, 474 F.3d at 623-24. Comlux relied upon the admissions for nearly three months, through the filing of summary judgment, with no indication that Wilson intended to file a motion to amend his admissions. The Court held two status conferences between the response deadline and Wilson's filing of his motion to amend. At no point during those conferences did Wilson indicate he planned to dispute the admissions. Moreover, the Court clearly warned Wilson of the consequences of failing to respond at the initial pretrial hearing, held **before** those responses were due. [Dkt. 34 at 20, lines 4-10.]

Discovery in this case has now closed.[1] The requests for admission were deemed admitted on August 10, 2012 and Comlux filed for summary judgment on October 8, 2012. Given the difficulty in obtaining complete responses from Wilson to its other discovery requests, it was reasonable for Comlux to rely upon the deemed admissions. The Court finds it cannot allow Wilson to amend his admission without causing prejudice to Comlux. The Court recognizes the harshness of this result since "the failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case." *United States v. Kasuboski*, 834 F.2d at 1350. "This result, however, is necessary to insure the orderly disposition of cases;

---

[1] While it is not dispositive to this motion, the Court believes it is significant that Wilson's lack of responsiveness was an issue throughout the discovery process. Even after being ordered to respond on a motion to compel, Wilson still provided incomplete responses to Comlux's interrogatories. [Dkt. 52 and 56.] To allow Wilson to withdraw his admissions now would only further prejudice Comlux.

parties to a lawsuit must comply with the rule of procedure." *Id*. In this case, the harsh result is essentially a bed of Mr. Wilson's own making, given the Court's unequivocal warning regarding the effect of his failure to timely respond to the requests for admission. Wilson was provided both additional time to respond and a warning of the consequences of his failure to respond. In light of Comlux's reasonable reliance upon his admissions, Mr. Wilson must now bear the consequences of his own conduct.

## IV. Conclusion

For the above mentioned reasons, Wilson's Motion to Amend Admissions is hereby **DENIED**.

Date: __02/14/2013__

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ROBERT EUGENE WILSON
7809 Hampton Pl.
Fishers, IN 46038

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com