UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT EUGENE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-cv-00980-RLY-MJD |
| ) | |
| COMLUX AMERICA, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Defendant's Motion for Summary Judgment**

Plaintiff Robert Eugene Wilson filed this employment discrimination action against his former employer, Comlux America. He sued under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. §§ 2000e–2(a)(1), 2000e–3(a). Comlux now seeks resolution of this action through summary judgment. For the reasons explained below, Comlux is entitled to judgment as a matter of law and its motion for summary judgment [dkt. no. 38] is **granted.**

**Standard of Review**

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (*quoting* Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

The court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them." *Johnson v. Cambridge Indus.,* 325 F.3d 892, 898 (7th Cir. 2003).

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). When evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex,* 477 U.S. at 330.

## Scope of the Evidence

"The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). In doing this the non-movant is expected to comply with applicable rules governing the presentation of information. Wilson has opposed the motion for summary judgment, but his untimely response and surreply are inadequate to create a genuine issue of material fact. Specifically, his response does not contain the "Statement of Material Facts in Dispute" required by Local Rule 56-1(f), which provides in relevant part: "In

deciding a summary judgment motion, the court will assume that: (1) the facts as claimed and supported by admissible evidence by the movant are admitted without controversy except to the extent that: (A) the non-movant specifically controverts the facts in that party's 'Statement of Material Facts in Dispute' with admissible evidence. . . . "

Wilson's failure to properly oppose the motion for summary judgment has a particular consequence, which is that he has admitted the truth of Comlux's statement of material facts for purposes of the court acting on the motion for summary judgment. *See Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). The Seventh Circuit has "consistently and repeatedly upheld" district courts' discretion to require compliance with the local rules governing summary judgment. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008) (finding no abuse of discretion when district court disregards facts presented in a manner that does not follow Local Rule's instructions); *see also Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that failure to respond by the nonmovant as mandated by the local rules results in an admission."); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"); *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)(collecting numerous cases).

The statement of material facts set forth below is based on Wilson's admissions. As clearly explained in the Entry of February 14, 2013, despite an extension of time and clear warning from the magistrate judge assigned to this case as to the serious consequences of deemed admissions, Wilson failed to respond to Comlux's request for admissions and Comlux has reasonably relied on these admissions. Comlux's Requests to Admit are deemed admitted and conclusively established

as a matter of law and are appropriately relied on for summary judgment purposes in this case. See Rule 36(b).

## Statement of Material Facts

The undisputed facts show the following:

Comlux hired Wilson in January 2010. When Comlux rehired Wilson in January 2010 it knew he was African American. Wilson was promoted to an Acting Lead role in April 2010. The same individuals who participated in the decision to promote Wilson in April 2010, Tim Johnson and Matt Weidig, are the same individuals who Wilson now claims participated in the alleged discrimination and retaliation against him. Similarly, the same individuals who participated in the decision to rehire Wilson are the same individuals Wilson alleges participated in the alleged discrimination and retaliation against him.

Wilson did not find the working conditions at Comlux to be intolerable. Wilson's job performance did not decline between January 2010 and October 5, 2010. On September 3, 2010, Wilson informed Comlux that he was not upset or irritated.

Wilson admits that he does not have first-hand knowledge concerning the experience, education, training or abilities of any other Comlux employee.

The sole reason Wilson was transferred to Hangar 5 on, or around, July 8, 2010, was to resolve the personality conflict between him and Rachel New.

Wilson did not engage in any statutorily protected activity at any point prior to October 4, 2010. He never submitted or discussed a complaint with Comlux for race discrimination, sex discrimination or retaliation pursuant to Comlux's employment policies on Equal Opportunity Employment or Harassment prior to October 4, 2010.

Any employment action taken against Wilson was not based on his race, sex or in retaliation

for statutorily protected activity. Any alleged treatment towards him was based solely on personality conflicts and was not based on his race, sex, or in retaliation for statutorily protected activity.

Wilson voluntarily resigned his position with Comlux on, or around, October 5, 2010.

## Discussion

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Additionally, under Title VII employers may not retaliate against an employee who "opposed any practice" that is unlawful under the statute, or who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the statute]." 42 U.S.C. § 2000e–3(a). Four claims remain for resolution in this action: 1) constructive discharge, 2) hostile work environment and harassment, 3) racial discrimination and failure to promote, and 4) retaliation.[1] Given the admissions set forth above, Comlux is entitled to summary judgment on each of these claims for the reasons set forth below.

**Constructive Discharge**

To survive a summary judgment motion on a claim of constructive discharge, a former employee must show that working conditions were so intolerable, difficult, or unpleasant that a reasonable person would have felt compelled to resign. *Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1005 (7th Cir. 1994). Moreover, "the work conditions need to be more than merely intolerable—they need to be intolerable in a discriminatory way." *Id.*

Wilson cannot satisfy these requirements because he admitted that he did not find the

---

[1] The claim alleging defamation of character was previously dismissed. *See* Entries of April 10, 2012 and January 16, 2013.

working conditions at Comlux to be intolerable and that any alleged treatment towards him was based solely on personality conflicts and was not based on his race, sex, or in retaliation for statutorily protected activity. Accordingly, Comlux is entitled to summary judgment on this claim.

### Hostile Environment

To survive a summary judgment motion on a race-based hostile work environment claim against his employer, an employee must show that the defendant's conduct was "severe or pervasive enough to create an objectively hostile or abusive work environment." *Ford v. Minteq Shapes and Services, Inc.*, 587 F.3d 845, 847 (7th Cir. 2009) (*citing Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)). Moreover, in addition to showing that the harassment was sufficiently serious, the plaintiff also must show that the harassment was "because of" plaintiff's membership in a protected class, and that there is a basis for imputing liability to the plaintiff's employer. *Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 566 (7th Cir. 2004).

Wilson admitted that 1) his work environment was not intolerable, 2) no employment action was taken against him based on his race, sex or in retaliation for statutorily protected activity and 3) treatment directed towards Wilson was based solely on personality conflicts and was not based on his race, sex, or in retaliation for statutorily protected activity. In addition, Wilson never submitted or discussed a complaint with Comlux for race discrimination, sex discrimination or retaliation pursuant to Comlux's employment policies on Equal Opportunity Employment or Harassment prior to October 4, 2010. Based upon these admissions, Wilson cannot satisfy the elements of his purported harassment claim, as a matter of law, and Comlux is entitled to summary judgment on this claim.

**Race Discrimination/Failure to Promote**

To prevail on his claim of race discrimination/failure to promote under Title VII, Wilson must show "that the basis for . . . [an adverse employment action] was the impermissible consideration of race, i.e. that a person of another race would not have been [adversely affected] under similar circumstances." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1112 (7th Cir. 1992).

Wilson admitted that any employment action taken against him was not based on his race, sex or in retaliation for statutorily protected activity. In these circumstances, Wilson cannot show that race was the motivation for any treatment of him by Comlux and Wilson cannot prevail on a race discrimination claim. Comlux is entitled to judgment as a matter of law on this claim.

**Retaliation**

Wilson's final claim is that Comlux retaliated against him for engaging in protected activity under Title VII. In addition to prohibiting discrimination, Title VII "forbids retaliation against anyone who 'has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 314 (7th Cir. 2011) (quoting 42 U.S.C. § 2000e–3(a)).

Wilson has admitted that he did not engage in any statutorily protected activity at any point prior to October 4, 2010. He never submitted or discussed a complaint with Comlux for race discrimination, sex discrimination or retaliation pursuant to Comlux's employment policies on Equal Opportunity Employment or Harassment prior to October 4, 2010. Moreover, even if Wilson had engaged in statutorily protected activity, he cannot show a causal connection between such activity and any decision that adversely affected his terms and conditions of employment. Accordingly, summary judgment on this claim must be entered in favor of Comlux.

**Conclusion**

For the reasons explained above, Wilson admitted a host of facts which have foreclosed his claims in this action. Accordingly, the defendant's motion for summary judgment [Dkt. No. 38] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/27/2013

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT EUGENE WILSON
7809 Hampton Pl.
Fishers, IN 46038

All electronically registered counsel